*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* NAYEEMA AHMED

---

MEGHAN PEREGAND,

       Petitioner-Appellee,

v

NAYEEMA AHMED,

       Respondent-Appellant.

UNPUBLISHED
October 13, 2022

No. 360372
Washtenaw Probate Court
LC No. 22-000096-MI

---

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order committing her to a combined hospitalization of 180 days, which included an initial hospitalization period of up to 60 days. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On February 14, 2022, petitioner Meghan Peregand filed a petition, dated February 9, 2022, alleging that respondent Nayeema Ahmed had a mental illness and that, as a result of that mental illness, respondent could reasonably be expected in the near future to cause serious injury to herself or others. The petition also alleged that respondent was unwilling to voluntarily participate in treatment and her judgment was so impaired by the mental illness that respondent presented a substantial risk of significant physical or mental harm to herself or others. Petitioner requested the trial court to find respondent was a person requiring treatment and to commit her to a combination of hospitalization and assisted outpatient treatment. The petition was received by the hospital on February 11, 2022. The petition was accompanied by two clinical certificates, one from Dr. Megan Dawson, a psychiatrist, and one from Dr. Luay Hadad, a psychiatrist and physician.

The trial court held a mental health hearing on February 16, 2022. The trial court heard testimony from Dr. Emily Escott, a licensed psychologist employed by the Stonecrest Center who

was certified as an expert in the field of psychology, as well as testimony from respondent. Dr. Escott concluded that respondent had a mental illness and noted respondent had a documented history of schizoaffective disorder, bipolar type. Dr. Escott said that respondent's most appropriate diagnosis was bipolar disorder. Dr. Escott testified that the primary concern for respondent was her ability to adequately care for herself. Respondent testified she had been mostly without medication for the last year-and-a-half and had substantially improved during that time. Respondent seemed to believe that she did not need any mental health treatment. Respondent also testified she did not believe that she needed to take any medication.

At the conclusion of the hearing, the trial court found that there was clear and convincing evidence that respondent was an individual requiring treatment for a mental illness, specifically bipolar disorder. The trial court also found that because of that mental illness, respondent's judgment was impaired, she did not understand the need for treatment, and she was unwilling to voluntarily participate in necessary treatment. The trial court granted the petition and determined that an order that allowed for hospitalization up to 60 days, and assisted outpatient treatment of not more than 180 days, was appropriate. The trial court stated that the hospitalization would last only until respondent was stabilized on the prescribed medication. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted). The probate court abuses its discretion when it makes a decision that is outside the range of reasonable and principled outcomes. *Id*. "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted).

Unpreserved errors are reviewed for plain error affecting substantial rights. *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

## III. DISCUSSION

Respondent first argues that there were anomalies in the petition's clinical certificate relating to when the first clinical certificate was completed and when respondent was hospitalized.[1]

---

[1] To the extent that respondent alleges that the alleged anomalies amount to a violation of MCL 330.1429, that issue has been abandoned on appeal. Respondent raised that issue in her statement of questions presented but provided no argument on the issue. See *People v Henry*, 315 Mich App 130, 148-149; 889 NW2d 1 (2016) ("Failure to brief a question on appeal is tantamount to abandoning it.") (quotation marks and citation omitted). Even if the issue were not abandoned, there is no evidence in the record demonstrating that any of the requirements under that section were violated.

This issue was not raised with the trial court and is, therefore, unpreserved. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

Respondent contends that the trial court abused its discretion because the court should have investigated the anomalies in the petition. According to respondent, the petition was false because it was signed on February 9, 2022, and states that a clinical certificate had been taken within 72 hours, yet there was no evidence that a clinical certification had been taken within the 72 hours preceding February 9. Respondent also asserts that the hospital did not receive the petition until 13 hours after respondent was hospitalized. Respondent argues, therefore, that the trial court should have inquired about these anomalies in the documents.

The lower court record demonstrates that the petition for mental health treatment was signed by petitioner on February 9, 2022, received by the hospital on February 11, 2022, and filed with the trial court on February 14, 2022. The petition asserted that there was a clinical certificate by a psychiatrist taken within the last 72 hours. The lower court record also establishes that respondent was hospitalized at 2:23 p.m. on February 11, 2022, and that the hospital received the petition at the exact same time. Dr. Dawson's clinical certificate stated that her examination of respondent began on February 11, 2022, at 1:00 a.m. and was completed at 1:33 a.m. Thus, when the hospital received the petition, the assertion in the petition that a clinical certificate had been taken within 72 hours was correct. But even if the appropriate framework from which to assess the timing of the certificate is at the time the petition was signed, and not when the hospital received it, respondent offers no argument that this alleged discrepancy would have changed the trial court's ultimate decision. See *In re VanDalen*, 293 Mich App at 135 (under plain error review, appellant must show the error affected substantial rights).

Regarding respondent's claim about when the hospital received the petition, respondent appears to assume that her hospitalization began in the early morning hours of February 11, 2022, when Dr. Dawson's evaluation took place. But according to the notice of hospitalization, respondent was not hospitalized until 2:23 p.m. on February 11. Respondent's allegation that the hospital did not receive the petition until 13 hours after respondent was hospitalized is contradicted by the lower court record. Therefore, respondent has not established that the trial court plainly erred when it failed to investigate these alleged anomalies.

Next, respondent argues that Dr. Dawson's clinical certificate was deficient because it did not state whether respondent was a person requiring treatment, and Dr. Hadad's clinical certificate was deficient because it did not include any facts to support the conclusion that respondent was a person requiring treatment. By failing to raise this argument with the trial court, this issue is also unpreserved. *In re Utrera*, 281 Mich App at 8.

Under MCL 330.1434(4), "a clinical certificate that accompanies a petition must have been executed within 72 hours before the filing of the petition and after personal examination of the individual." The trial court shall conduct a hearing on the petition after receipt of "[a] petition for a determination that an individual is a person requiring treatment, a clinical certificate executed by a physician or a licensed psychologist, and a clinical certificate executed by a psychiatrist." MCL 330.1452(1)(a).

For both clinical certificates, respondent has not established that it was plain error for the trial court to proceed with the hearing on the basis of these clinical certificates. Although the clinical certificates could have been more detailed, under the relevant statute, the trial court had the documents required to proceed with the hearing. See MCL 330.1452(1)(a) (stating that a hearing is to be convened upon the court's receipt of "[a] petition for a determination that an individual is a person requiring treatment, a clinical certificate executed by a physician or a licensed psychologist, and a clinical certificate executed by a psychiatrist."). Respondent has not identified any authority suggesting that the clinical certificates were statutorily deficient. Additionally, the petition, which is required to include the facts that form the basis for the assertion that respondent was a person requiring treatment, included the facts respondent claims are missing from the certificates. Because the trial court was in receipt of the necessary documents to hold a hearing, and respondent has identified no authority that indicates that either clinical certificate was legally insufficient, the trial court did not plainly err when it proceeded with the hearing.

Finally, respondent argues that the trial court abused its discretion when it ordered that respondent be hospitalized. We disagree.

Under MCL 330.1465, the court "may not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." A "person requiring treatment" is defined as any of the following:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injury himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

> (b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401(1)(a)-(c).]

Under MCL 330.1472a(1), upon a finding that an individual is a person requiring treatment, the trial court shall issue an initial order of involuntary mental health treatment within certain durational limitations. The trial court may enter "[a]n initial order of combined hospitalization and assisted outpatient treatment shall not exceed 180 days. The hospitalization portion of the initial order shall not exceed 60 days." MCL 330.1472a(1)(c).

-4-

Respondent contends that there was insufficient evidence that hospitalization was required. Specifically, respondent highlights the trial court's statement that respondent would be hospitalized until "she stabilizes on the medication that will be prescribed" and argues that there was no evidence that the hospital had attempted to, or planned on, requiring medication for respondent. But the trial court's finding that respondent should be medicated while hospitalized is supported by the evidence. Dr. Escott explicitly testified that medication would help respondent. Additionally, a report prepared by the hospital/court liaison recommended that respondent be hospitalized for stabilization and take medications as prescribed. Furthermore, the record established that respondent was unwilling to voluntarily take medication, making it necessary to provide that medication in a hospital setting. Respondent's allegation that the lower court record lacked evidence that the hospital was planning to provide medication to respondent is simply inaccurate. Thus, the trial court did not abuse its discretion when it ordered that respondent be involuntarily hospitalized.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron